IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY WILSON, #23034189, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2160-N-BK |
| | § | |
| HOUSTON NASA, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On September 26, 2023, Sidney Wilson, a Dallas County Jail inmate, filed a *pro se* complaint against Houston NASA, a John Doe Russian Scientist, who works for Houston NASA, and his associates, also known as the "Mafia." Doc. 3 at 2. Wilson alleges that Defendants have harassed, mentally tortured, and physically threatened him for over 16 years to force him "to support an occult of 'Masons' and teach and preach in Christianity rather than Hebrew." Doc. 3 at 3. Wilson contends that Defendants expose his private life through NASA technologies (satellites, media, television, radios, and cameras) and publish it on the internet for the public to see. Doc. 3 at 3-5. Wilson claims that as a result of the persistent harassment, he was "compelled to live an abnormal life" and relocate repeatedly. Doc. 3 at 5; Doc. 3 at 7-14

(chronological list of events and numerous relocations).  He maintains that Defendants can "read and record every thought, idea[] and sound of Plaintiff's mind," which they then "expose . . . to the Media and Public," and that the public can in turn "monitor and view every aspect of [Plaintiff's] life on their cell phones." Doc. 3 at 6-7.

In the supplemental complaint, Plaintiff adds that Defendants view and listen to him even while he is confined at the Dallas County Jail.  Doc. 4 at 3.  He also states that the NASA technologies have been used on humans previously and that they are maintained by the U.S. Army.  Doc. 4 at 3.  Wilson seeks injunctive and monetary relief and to hold Defendants responsible for their crimes under 18 U.S.C. § 241.  Doc. 3 at 15-16; Doc. 4 at 3

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.[1]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-

---

[1] Plaintiff did not file a certificate of trust account with his motion to proceed *in forma pauperis*. Doc. 5.  However, because the Court lacks jurisdiction, it is more efficient to dismiss the complaint than to require compliance with the Court's filing requirements.

pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Wilson's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Wilson has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Wilson's broad allegations border on the fantastic and delusional and he mentions only in passing the First, Fourth and Fourteenth Amendments. Doc. 3 at 3-4; Doc. 4 at 3. In any event, the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction. Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir.

1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Moreover, if Wilson seeks to file a criminal complaint and allege criminal law violations in this Court, his request lacks any legal basis and thus cannot support a federal cause of action. Doc. 3 at 5, 15. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). However, Wilson has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Further, Wilson's assertion that Defendants are found in Texas defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 2. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Wilson in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that Wilson's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 10, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).